# EXHIBIT A

Filing # 226432914 E-Filed 07/01/2025 04:24:51 PM

IN THE CIRCUIT COURT FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2025-CA-003500-AXXX-MA
DIV: CV-A

CARLTON L. CLARKE,

     Plaintiff,

v.

AMAZON.COM SERVICES, LLC.,
A Foreign Limited Liability Company

     Defendant,

                               /

## AMENDED COMPLAINT

COMES NOW CARLTON L. CLARKE, ("Plaintiff") hereby files this amended complaint and makes the following allegations against AMAZON.COM SERVICES, LLC., ("Defendant"), and in support thereof, states as follows:

## INTRODUCTION

1. This is an action to recover damages for personal injuries, emotional distress, and economic losses sustained by Plaintiff as a result of Defendant's negligent supervision, failure to warn, and unsafe work conditions at its Jacksonville, Florida facility. Defendant failed to provide a safe workplace and negligently permitted known hazards to remain unaddressed, directly leading to Plaintiff's injuries and resulting in his permanent separation from employment. Plaintiff seeks damages for negligent supervision and constructive discharge.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 07/02/2025 01:25:09 PM

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this dispute because this complaint seeks damages of exceeding $50,000.00 exclusive of interest and attorneys' fees.

3. Venue is proper in Duval County, Florida because the acts and transactions complained of herein occurred within Duval Court, Florida.

**PARTIES**

4. The Plaintiff, CARLTON L. CLARKE, is a resident of Duval County, Florida, and was employed by Defendant in Jacksonville, Florida.

5. The Defendant, AMAZON.COM SERVICES, LLC., is a foreign profit corporation registered to do business in the State of Florida, operating warehouse facilities in Jacksonville, including the location at 13333 103rd St.

**SUBSTANTIVE ALLEGATIONS**

6. Plaintiff began working for Defendant in May 2021 and demonstrated strong performance, completing entry-level management training and planning a long-term career with Amazon.

7. On April 27, 2023, Plaintiff was opening a trailer door to perform inventory duties when a stack of boxes—improperly stored by other warehouse workers—fell and struck him in the groin. He immediately reported the injury to Amazon management and the on-site safety team. Plaintiff spent the rest of the day in the on-site safety office and attempted to return to work the following day, but recognized the severity of his injury upon arrival and was sent to a doctor for further evaluation.

8. Medical examination diagnosed Plaintiff with a contusion to the abdominal wall and bilateral epididymitis. Plaintiff was placed on work restrictions and referred for treatment at Concentra Medical Centers. Plaintiff was placed on no-work status after the initial diagnosis.

9.  Between June and August 2023, Plaintiff's medical restrictions were progressively adjusted due to persistent pain, limiting him to lifting no more than 5 to 10 pounds and prohibiting climbing and carrying. He underwent physical therapy and received a steroid injection in October 2023. As of June 26, 2023, Plaintiff's restrictions limited lifting/pushing/pulling to 10 lbs. By August 9, they were reduced further to 5 lbs with no climbing or carrying permitted.

10.  In December 2023, Plaintiff was placed on a leave of absence after Defendant declared that all possible accommodations had been exhausted.

11.  Although Plaintiff continued to experience pain, he returned to full-time work in March 2024. On May 31, 2024, he sustained a second groin injury when a defective metal cage hook—attached to a unit with a known faulty locking mechanism—swung open and struck him in the groin.

12.  Plaintiff attempted to return to work in March 2024, but on May 31, 2024, he suffered a second injury when a defective metal cage hook—attached to a unit with a known faulty locking mechanism—swung open and struck him in the groin.

13.  Defendant was aware of the faulty cage locks and had initiated efforts to replace them but failed to remove the defective cage involved in the incident.

14.  Plaintiff's symptoms worsened, resulting in chronic pain radiating from his groin to his abdomen and left leg. He required another extended leave from June 27, 2024, onward. From October 3 to October 24, 2024, Plaintiff attended a three-week Mayo Clinic Pain Rehabilitation Program to manage his symptoms and regain functional ability. The program focused on pain management, increasing mobility, and teaching coping strategies.

15. On November 22, 2024, Plaintiff was declared to have reached Maximum Medical Improvement (MMI) with a 5% permanent impairment rating. A Functional Capacity Evaluation (FCE) conducted on December 10, 2024, confirmed permanent physical limitations. Plaintiff was officially declared to have reached Maximum Medical Improvement (MMI) on November 22, 2024,

with a 5% permanent impairment rating.

16. On January 10, 2025, Plaintiff resigned from employment after Defendant told him no job within his permanent restrictions was available and made no effort to provide alternative placement.

17. Plaintiff continues to suffer from chronic pain, reduced physical functioning, emotional distress, anxiety, and diminished quality of life. There are concerns about reproductive harm including reduced fertility.

18. Plaintiff has incurred and continues to incur medical expenses, lost income, and attorney's fees.

## COUNT I
## (NEGLIGENCE SUPERVISION AND RESPONDEAT SUPERIOR)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

20. Defendant AMAZON.COM SERVICES, LLC., through its agents, supervisors, and management, had a duty to exercise reasonable care in the supervision of its employees and operations, particularly where unsafe conditions or employee misconduct could foreseeably result in injury. This duty included monitoring compliance with safety protocols and maintaining a safe work environment

21. Defendant breached that duty in multiple ways. First, Defendant failed to appropriately supervise employees responsible for the improper loading and securing of cargo in trailers, which resulted in Plaintiff being struck in the groin by falling boxes. Second, Defendant allowed known defective cage units with faulty locking mechanisms to remain in operation, one of which directly caused Plaintiff's second groin injury. Both events occurred on the employer's premises using equipment under Defendant's exclusive control.

22. Under the Restatement (Second) of Torts §317, and as interpreted by Florida courts, including *Bennett v. Godfather's Pizza, Inc.*, 570 So. 2d 1351 (Fla. 3d DCA 1990):

> An employer has a duty to control its employees and equipment when they are acting on the employer's premises or using its property, if the employer knows or has reason to know of the need and opportunity to do so. Defendant violated this duty by failing to act, despite its knowledge of the dangers posed by improper cargo stacking and malfunctioning cages.

23.  In addition to these hazards, Defendant is vicariously liable under the doctrine of respondeat superior for the negligent acts of its employees committed within the scope of their employment. The loading of trailers and handling of cages were duties performed to further Amazon's business interests. Therefore, Amazon is responsible for the consequences of its employees' failure to follow safety procedures that directly caused Plaintiff's injuries.

24. Defendant also negligently supervised Plaintiff's post-injury work assignments. After Plaintiff's initial injury and medical diagnosis, Defendant failed to honor the restrictions imposed by healthcare providers and assigned Plaintiff to tasks that aggravated his condition. Defendant's neglect in enforcing accommodations directly contributed to Plaintiff's reinjury and chronic impairment.

25.  As a direct and proximate result of Defendant's negligent supervision and its vicarious liability for its employees' conduct, Plaintiff suffered significant physical and emotional harm, permanent injury, loss of wages, medical expenses, and diminished quality of life.

**WHEREFORE,** Plaintiff, CARLTON L. CLARKE, demands judgment against Defendant AMAZON.COM SERVICES, LLC., for negligent supervision and respondeat superior liability, including compensatory damages, costs, interest, and any other relief this Court deems just and proper, and demands trial by jury on all issues so triable.

**COUNT II**
**(CONSTRUCTIVE DISCHARGE/WRONGFUL TERMINATION)**

26.  Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

27.  Defendants, Defendant AMAZON.COM SERVICES, LLC., created a work environment

that was intolerable for Plaintiff, who was willing and able to continue working within his permanent medical restrictions. Instead of accommodating those restrictions, Defendant informed Plaintiff that no modified position would be offered and made no good faith effort to place him in a compatible role.

28. Plaintiff's resignation on January 10, 2025, was not voluntary, but was the direct result of Defendant's refusal to make reasonable accommodations or offer a compatible role. Under such circumstances, Plaintiff's resignation constitutes constructive discharge under applicable federal and state law.

29. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), prohibits discrimination against qualified individuals with disabilities in regard to job advancement or discharge. The ADA also defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," unless such accommodation would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A).

30. Plaintiff was a qualified individual with a disability as defined under the ADA, capable of performing modified or light-duty work. Defendant's failure to offer such accommodations—despite having done so for similarly situated employees—constituted unlawful discriminatory discharge. See *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383 (M.D. Fla. 1994).

31. In addition, Defendant's actions constituted retaliation in violation of Florida Statute §440.205, which prohibits an employer from discharging, threatening to discharge, intimidating, or coercing any employee for filing or attempting to file a workers' compensation claim under Chapter 440 of the Florida Statutes. Plaintiff availed himself of the workers' compensation system and was subjected to adverse employment actions and ultimately constructive discharge as a direct result.

32. As a result of Defendant's actions, Plaintiff lost his career trajectory, sustained loss of income, experienced emotional distress, and suffered a loss of dignity and professional identity.

**WHEREFORE,** Plaintiff, CARLTON L. CLARKE, demands judgment against Defendant AMAZON.COM SERVICES, INC. for constructive discharge and wrongful termination, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, interest, and all costs of this action, and further demands a trial by jury on all issues so triable.

## COUNT III
### (PRODUCTS LIABILITY - DEFECTIVE EQUIPMENT)

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. The injury Plaintiff sustained on May 31, 2024, was caused by a defective metal cage unit that contained a faulty locking mechanism. The locking mechanism on this unit failed, causing a hook to swing open and strike Plaintiff in the groin, resulting in significant and permanent injuries.

35. The cage unit in question was manufactured, assembled, distributed, and/or maintained by a third-party manufacturer or supplier, and was utilized and placed into service at Defendant's facility under Defendant's direction and control.

36. The product was in a defective and unreasonably dangerous condition at the time it left the manufacturer's control and when it was in use at Defendant's facility. Defendant was aware or should have been aware of the product's defect, as the locking mechanism had a known history of malfunction. Defendant failed to remove the defective cage from circulation or provide adequate warning to Plaintiff and similarly situated employees regarding its risks.

37. The defect rendered the product unreasonably dangerous and directly caused Plaintiff's injury. Plaintiff used the product in a foreseeable and intended manner. Defendant, through its agents and employees, failed to inspect, maintain, or replace the defective equipment.

38. As a direct and proximate result of the defective condition of the cage, Plaintiff suffered bodily injury, pain and suffering, medical expenses, permanent impairment, lost wages, and

emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant and any additional parties to be named for damages resulting from the defective product, including compensatory damages, costs, and any other relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted: **July 1, 2025**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the clerk of Duval County by using the Florida Court e-Filing Portal, and furnished by Electronic Mail on this 1st day of July 2025 to the following designated service email address (es): Michael Beane, Esq. and David W. Sammons, Esq.; Moore Ingram Johnson & Steele, LLP.; 10201 Centurion Parkway, North, Suit 401 Jacksonville FL 32256; mrbeane@mijs.com, dwsammons@mijs.com.

The Carter Firm, PLLC.
LAMONTE W. CARTER, ESQ.
*Counsel for Plaintiff*

PO Box 551684
Jacksonville, Florida 32255
Telephone (904) 904-229-4886
 Primary e-mail: lcarter@thecarterfirmpllc.com


By: /s/ Lamonte W. Carter
_____
LAMONTE W. CARTER
Florida Bar No.: 1033388