## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CARLTON L. CLARKE,

        Plaintiff,

vs.                                              Case No.   3:25-cv-899-MMH-LLL

AMAZON.COM SERVICES LLC,

        Defendant.

_____/

## O R D E R

      **THIS CAUSE** is before the Court sua sponte. On August 8, 2025, Defendant filed a Notice of Removal (Doc. 1; Notice) removing this case from state court to this Court. See Notice at 1. Upon review of Plaintiff's Amended Complaint (Doc. 3), the Court finds that the Amended Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. Relevant here, one such type of improper pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See id. at 1321 & n.11 (collecting cases).

As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in Counts II and III of the Amended Complaint, Plaintiff incorporates by reference paragraphs contained in the other counts. See Amended Complaint ¶¶ 26, 33. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

Additionally, the Complaint also appears to constitute the third form of shotgun pleading in that Plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." See Weiland, 792 F.3d at 1322–23 n. 13 (collecting cases); Amended Complaint ¶¶ 19–25, 26–32. Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. Of Central Fla. Cmty. College, 77 F.3d 364,

366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). Here, Plaintiff appears to combine multiple causes of action in Counts I and II of the Amended Complaint. Indeed, Count I appears to assert claims based on theories of negligent supervision and respondeat superior. See Amended Complaint ¶¶ 19–25. And Count II appears to assert several claims, including discriminatory discharge under the Americans with Disabilities Act (ADA), failure-to-accommodate under the ADA, and retaliation under Florida law. See id. ¶¶ 26–32. Each of these claims requires Plaintiff to establish different facts; thus, each claim should be stated in a separately identifiable count.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable."  Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and

unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Amended Complaint.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 3) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint consistent with the directives of this Order on or before **September 17, 2025**.  Failure to do so may result in a dismissal of this action.

3.  Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of September, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record